**Margaret M. GINTER, Plaintiff,**

v.

**NORTHWESTERN MUTUAL LIFE IN-
SURANCE COMPANY, Defendant.**

**Civ. A. No. 82–143.**

United States District Court,
E.D. Kentucky,
Covington Division.

Jan. 16, 1984.

Kurt A. Philipps, Covington, Ky., for plaintiff.

W. Kennedy Simpson, Stites & Harbison, Kent McElwain, Louisville, Ky., for defendant.

## OPINION

BERTELSMAN, District Judge.

This matter is before the court on a motion for a pretrial evidentiary ruling on the question of whether character evidence is admissible in a civil case under F.R.Ev. 404(a).

## FACTS

This is an action by the beneficiary of a life insurance policy against the insurance company which issued the policy. There is no dispute that the plaintiff's deceased husband took out a policy on his life with the defendant insurance company and that the premiums were properly paid. However, the insurance company defends on the ground that there were material omissions from the application. More particularly, the insurance company contends that the insured decedent failed to disclose that he was under treatment by a psychiatrist for depression. Plaintiff responds that the application was completely answered and that any inaccuracies were not a material consideration in the issuance of the policy.

The plaintiff in the pending motion has requested a ruling from the court that evidence is admissible from witnesses who would testify that the deceased insured was a man of good character who would be unlikely to submit a fraudulent or erroneous application.

■ After careful consideration, the court concludes that it is the intention of Rule 404(a) to exclude evidence of a character trait in civil cases, except where character itself is an element of the claim or defense, as in cases involving defamation.

## ANALYSIS

A leading text states that the following was the situation prior to the adoption of the Federal Rules of Evidence.

"The common law relaxed its ban upon evidence of character to show conduct to the extent of permitting the accused to open the door by producing evidence of his good character. This was a special dispensation to criminal defendants whose life or liberty were at hazard. Should the same dispensation be accorded to the party in a civil action who has been charged by his adversary's pleading or proof with a criminal offence involving moral turpitude? The peril of judgment here is less, and most courts have declined to pay the price in consumption of time and distraction from the issue which the concession entails. A growing minority, however, has been impressed with the serious consequences to the party's standing, reputation and relationships which such a charge, even in a civil action, may bring in its train, and has followed the criminal analogy, by permitting the party to introduce evidence of

his good reputation for the trait involved in the charge. The balance of expediency is a close one."

*McCormick on Evidence,* § 192 at 459–60 (2d Ed.1972).

Concerning the admissibility of character evidence, F.R.Evi. 404(a) provides:

**"Character evidence generally.** Evidence of a person's character or a trait of his character is *not admissible* for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

**(1) Character of accused.** Evidence of a pertinent trait of his character offered by an *accused,* or by the *prosecution* to rebut the same;

**(2) Character of victim.** Evidence of a pertinent trait of character of the *victim of the crime* offered by an *accused,* or by the *prosecution* to rebut the same, or evidence of a character trait of peacefulness of the *victim* offered by the *prosecution* in a homicide case to rebut evidence that the victim was the first aggressor;

**(3) Character of witness.** Evidence of the character of a witness, as provided in rules 607, 608, and 609." (Emphasis added).

It may be noted that the text does not specifically state that evidence of a relevant character trait is not admissible in civil cases. Nevertheless, this result seems to be implicit by the use of the terms "accused," "prosecution," "victim," and "crime."

Plaintiff argues that certain recent decisions militate against the conclusion that the rule of exclusion of character trait evidence from civil cases is absolute.

Most particularly, plaintiff cites *Crumpton v. Confederation Life Insurance Company,* 672 F.2d 1248 (5th Cir.1982). This was a case somewhat similar to the case at bar. In *Crumpton,* the appellate court affirmed the admission of evidence of a peaceable character of an insured who had been shot to death. Whether or not the death was "accidental" within the meaning of the policy depended on whether the insured had approached the woman who shot him with the intent to molest her.

Preliminarily, the court observed:

"Generally this type of evidence is offered for one of two purposes: (1) when a person's possession of a particular character trait is an operative fact in determining the legal rights and liabilities of the party and thus is one of the ultimate issues in the case; or (2) to prove circumstantially that a person acted in conformity with his character on a particular occasion.

"The use of character evidence for the first purpose above is generally referred to as 'character at issue.' When used for such a purpose, it is not within the scope of F.R.Evid. 404 which applies instead to the second use, that of showing that the person acted in conformity with his character."

*Crumpton, supra* at 1252.

The court advanced several grounds for admitting the evidence, one of which was that it felt that the decedent's character was at issue. The court also stated, however, that it felt that "the unusual circumstances here placed the case very close to one of a criminal nature." 672 F.2d at 1253. Therefore, the court held that evidence would be admissible even if character were not in issue.

The court cited, as does the plaintiff in the case at bar, the decision of the Tenth Circuit in *Hackbart v. Cincinnati Bengals, Inc.,* 601 F.2d 516 (10th Cir.), *cert. denied* 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 188 (1979). The *Crumpton* court read *Hackbart* as implicitly approving the admissibility of evidence of a character trait in civil suits which are "akin to a criminal case." 672 F.2d at 1254, n. 7. The *Crumpton* court stated:

"Thus by implication, when evidence would be admissible under Rule 404(a) in a criminal case, we think that it should also be admissible in a civil suit where the focus is on essentially criminal aspects, and the evidence is relevant, probative, and not unduly prejudicial."

*Id.*

With respect, this court must disagree with the *Crumpton* decision. It seems beyond peradventure of doubt that the drafters of F.R.Evi. 404(a) explicitly intended that all character evidence, except where "character is at issue" was to be excluded. After an extensive review of the various points of view on this issue, the Advisory Committee expressly stated, "[i]t is believed that those espousing change (from the view of excluding character evidence in civil cases) have not met the burden of persuasion." This language leads to the inevitable conclusion that the use in Rule 404(a) of terms applicable only to criminal cases was not accidental.

The view of this court is supported by several leading evidence texts. *See* S. Saltzburg & K. Redden, *Federal Rules of Evidence Manual*, 132 (3d Ed.1982); 2 Weinstein, *Evidence* ¶ 404[03]; 2 D. Louisell & C. Mueller, *Federal Evidence* §§ 141, 142.

■ This court believes that the language of the rule, as originally drafted by the Advisory Committee and ultimately approved by Congress, has the effect of a statute in excluding the proffered evidence here, even though the case may be considered as analogous to a criminal prosecution. (Here some of the elements of mail fraud or larceny by trick are arguably present). The court regards itself as not having any discretion in this matter by reason of the explicit language of the rule,* since it is clear that this case is not one where character is at issue.

Therefore, the preliminary motion seeking admissibility of the evidence must be denied. The proffered evidence will be excluded at trial.

ORDER ACCORDINGLY.

---

* So that there may be no misunderstanding, the court will state that this opinion has no application to F.R.Evi. 404(b), which does apply to civil cases.