#### SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

#### v.

#### TOWERS FINANCIAL CORPORATION, et al., Defendants.

#### No. 93 Civ. 0744 (WK)(AJP).

United States District Court, S.D. New York.

May 8, 1997.

204

Dorothy Heyl, Securities and Exchange Commission, New York City, for Plaintiff.

Steven Hoffenberg, Fairton, NJ, William B. Fleming, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, LLP, New York City, for Mitchell Brater.

Richard Mancino, Willkie Farr & Gallagher, New York City, for Towers' Administrative Trustee.

PECK, United States Magistrate Judge.

The issue before the Court is whether to allow defendant Brater to call character witnesses at trial in this civil action. For the reasons set forth below, the Court finds that Rule 404(a)(1) of the Federal Rules of Evidence precludes defendant Brater from calling character witnesses in a civil trial.

## FACTS

The facts of the underlying action, which are not relevant to the instant motion, are familiar to Judge Knapp and myself through the related case of *In re Towers Fin. Corp. Noteholders Litig.*, 93 Civ. 0810, 1995 WL 57188 (S.D.N.Y. Sept. 20, 1995) (Peck, M.J.), *aff'd*, 936 F.Supp. 126 (S.D.N.Y.1996) (Knapp, J.), familiarity with which is assumed. In short, the Securities and Exchange Commission sued Brater (and others) for his alleged material false representations made in furtherance of an elaborate Ponzi scheme.

Defendant Brater's proposed pretrial order listed a number of character witnesses. The SEC has moved to preclude the admission of character evidence in this civil action.

## ANALYSIS

Rule 404(a)(1) of the Federal Rules of Evidence provides: "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except: (1) ... [e]vidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same." Fed.R.Evid. 404(a)(1). The Commission argues that one cannot be an "accused" outside of a criminal action, the present proceeding is a civil action, and, therefore, the accused's character exception does not apply. Brater argues for a more flexible definition of "accused" that includes a defendant in a "quasi-criminal" civil proceeding, such as this SEC action.

Black's Law Dictionary defines "accused" as "[t]he generic name for the defendant in a criminal case." *Blacks Law Dictionary*, at 23 (6th ed.). Webster's defines "the accused" as "the person or persons formally charged with the commission of a crime." *Webster's New World Dictionary*, at 9 (3d College Edition). Use of the word "prosecution" in Rule 404(a)(1) also strongly suggests that the exception is meant to be limited to criminal cases. Thus, the plain meaning of Rule 404(a)(1)'s language limits the exception to criminal cases, making it unavailable in this civil case.

The Advisory Committee Notes to Rule 404 support the conclusion that the drafters' intent was to limit the Rule 404(a)(1) exception to criminal cases:

In most jurisdictions today, the circumstantial use of character is rejected but with important exceptions: (1) an accused may introduce pertinent evidence of good character ..., in which event the prosecution may rebut with evidence of bad character.... This pattern is incorporated in the rule. While its basis lies more in history and experience than in logic an underlying justification can fairly be found in terms of the relative presence and absence of prejudice in the various situations.... In any event, the criminal rule is so deeply imbedded in our jurisprudence as to assume almost constitutional propor-

tions and to override doubts of the basic relevancy of the evidence.

. . . .

*The argument is made that circumstantial use of character ought to be allowed in civil cases to the same extent as in criminal cases,* i.e., evidence of good (nonprejudicial) character would be admissible in the first instance, subject to rebuttal by evidence of bad character . . . . *The difficulty with expanding the use of character evidence in civil cases is set forth by the California Law Revision Commission* . . . :

"Character evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."

. . . *It is believed that those espousing change have not met the burden of Persuasion.*

Fed.R.Evid. 404(a), 1972 Advisory Committee Note (emphasis added).

The existing case law in this Circuit supports the Court's position. *See SEC v. Morelli,* 91 Civ. 3874, 1993 WL 603275 (S.D.N.Y. Dec.21, 1993) (Preska, J.) (refusing to admit evidence of defendant's character under Rule 404(a)(1) in SEC civil suit for insider trading). The leading commentators and decisions from other circuits also support the Court's view. *See 2 Weinstein's Federal Evidence* § 404.03[3] (Matthew Bender 2d ed. 1997) ("Given the use of the terms 'accused' and 'prosecution' in Rule 404(a)(1) and (2), it would seem that the rule does not permit evidence of character in a civil case, *even if the conduct involved would be a crime")* (emphasis added); 22 C. Wright & K. Graham, *Federal Practice & Procedure: Evidence* § 5236, p. 388 (1978) ("the use of the word 'prosecution' and the intent of the drafters to codify the common law will probably lead most courts to conclude that the rule cannot be interpreted to incorporate the minority rule permitting the use of character evidence when criminal conduct is in issue in

a civil case."); *Continental Cas. Co. v. Howard,* 775 F.2d 876, 878 n. 1 (7th Cir.1985) (although insurance company alleged that insured was an arsonist, court did not allow insured to present character evidence in civil suit), *cert. denied,* 475 U.S. 1122, 106 S.Ct. 1641, 90 L.Ed.2d 186 (1986); *Fryou v. Gaspard,* Civ. A. No. 89–3642, 1991 WL 68440 at *1 (E.D.La. April 25, 1991) ("The language of Rule 404(a) permits the introduction of character evidence only in criminal trials; it does not provide for the admission of this information in civil cases."); *Ginter v. Northwestern Mut. Life Ins. Co.,* 576 F.Supp. 627, 630 (E.D.Ky.1984) ("After an extensive review of the various points of view on this issue, the Advisory Committee expressly stated, '[i]t is believed that those espousing change (from the view of excluding character evidence in civil cases) have not met the burden of persuasion.' This language leads to the inevitable conclusion that the use in Rule 404(a) of terms applicable only to criminal cases was not accidental. . . . This court believes that the language of the rule, as originally drafted by the Advisory Committee and ultimately approved by Congress, has the effect of a statute in excluding the proffered evidence here, even though the case may be considered as analogous to a criminal prosecution. . . . The court regards itself as not having any discretion in this matter by reason of the explicit language of the rule. . . . ").

The Court acknowledges that there are a small number of cases from outside the Second Circuit that allow the Rule 404(a)(1) exception to apply in civil cases. The Court does not find those cases to be persuasive. In *Perrin v. Anderson,* 784 F.2d 1040 (10th Cir.1986), the court admitted character evidence about the victim in support of a self-defense claim in an action against a police officer for the shooting of a civilian, although the court acknowledged that the language of the rule left no room for interpretation. *Id.* at 1044 ("Although the literal language of the exceptions to Rule 404(a) applies only to criminal cases. . . ."). The court did so because "[i]n a case of this kind, the civil defendant, like the criminal defendant, stands in a position of great peril. A verdict against the

defendants in this case would be tantamount to finding that they killed Perrin without cause. The resulting stigma warrants giving them the same opportunity to present a defense that a criminal defendant could present." *Id.* at 1044–45 (citations omitted) Whatever the validity of allowing evidence of the victim's character under Rule 404(a)(2) in a wrongful death claim, the Court is not convinced that Perrin should extend to admission of evidence concerning the defendant's character under Rule 404(a)(1) in a civil securities fraud suit.

In *Crumpton v. Confederation Life Ins. Co.*, 672 F.2d 1248 (5th Cir.1982), the court explained, in dicta,[1] that it is proper to admit character evidence in a civil suit concerning rape allegations because "the unusual circumstances here place the case very close to one of a criminal nature." *Id.* at 1253. The Court chooses not to follow the dicta in this Fifth Circuit decision, nor the Fifth Circuit's decisions in *Carson v. Polley*, 689 F.2d 562, 575–76 (5th Cir.1982), and *Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1278 (5th Cir.), *cert. denied*, 493 U.S. 823, 110 S.Ct. 83, 107 L.Ed.2d 49 (1989). The courts in *Crumpton, Carson,* and *Bolton* do not provide a persuasive explanation for why the clear language of Rule 404(a)(1) and its "legislative history" (*i.e.*, the Advisory Committee Notes) should be ignored.[2]

To the extent that Brater relies on Federal Rule of Evidence 608(a),[3] premised on Bra-

ter's testifying at trial, the Court notes that Brater has not listed himself as a witness in his proposed pretrial order, and that at his deposition he asserted the Fifth Amendment. It therefore is unlikely that Brater will be permitted to testify at trial. If he does, however, and the issue of his character for truthfulness then arises, the trial judge can address the character witness issue under Rule 608(a) at that time.

### CONCLUSION

For the reasons set forth above, the Commission's motion to preclude Brater's character witnesses under Federal Rule of Evidence 404(a)(1) is granted.

Ms. Heyl is to serve copies of this Opinion and Order on all counsel and unrepresented parties in this action and on liaison counsel in *In re Towers*, 93 Civ. 0810.

SO ORDERED.

---

1. Although the court had already determined that Rule 404 was not applicable because character was at issue, it expounded upon the scope of Rule 404(a)(1). 672 F.2d at 1252–53. Therefore, its comments regarding Rule 404(a)(1) are dicta.

2. *SEC v. Peters*, No. 88–1720, 1990 WL 167694 (D.Kan. Oct.9, 1990), *rev'd on other grounds*, 978 F.2d 1162 (10th Cir.1992), and *SEC v. Saul*, No. 90 C 2633, 1991 WL 218061 (N.D.Ill. Oct.16, 1991), allowed evidence of defendant's good character because of the circumstantial nature of the SEC's insider trading cases:

   "[A]s in most insider trading cases, the SEC has been required by the circumstances of the case, and permitted by this court, to try to meet [its] burden through the use of evidence almost wholly circumstantial in nature.
   This reliance on cumulative inferences is a necessary evil to detect and adjudicate cases of insider trading. But that is small comfort to the individual accused of the deed. The defendant in

such a proceeding, as one part of his case, should be permitted to introduce some evidence of good character...."
*Saul*, 1991 WL 218061 at *2–3 (quoting *Peters*, 1990 WL 167694 at *2). It is not clear whether those courts would extend those decisions beyond circumstantial evidence insider trading cases to a securities fraud case, but if they would, this Court chooses not to follow them for the same reasons discussed in text: Those decisions ignore the plain meaning of the language in Rule 404(a)(1) and the Advisory Committee Notes.

3. Rule 608(a) provides:

   The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.